JERRY E. SMITH, Circuit Judge,
dissenting:
Burdened in part by errant and inconsistent caselaw and in part by its misunderstanding of plain error review, the majority seriously errs in vacating this sentence. I respectfully dissent.
*290 I.
This circuit in general, and the instant panel majority in particular, have mostly eviscerated the plain error test in cases raising forfeited sentencing error. The result is that instead of being narrow, rare, and exceptional, the granting of plain-error relief in sentencing appeals has become commonplace. At the second prong of the plain-error test, error that this panel majority needs several pages of detailed analysis to explain is deemed “plain” or “obvious.” At the third prong, any increase in a sentence is considered to affect “substantial rights.” And finally at the fourth prong, any error that affects substantial rights is construed not only to affect, but “seriously” to affect, the fairness, integrity, or public reputation of judicial proceedings. By such reasoning, the fourth prong is collapsed into the third, further weakening the test.
II.
This defendant did not bother to object to the failure of the district court to apply a three-level reduction for a “partially completed offense,” despite being put on notice by the district court’s finding that the defendants had completed all acts needed to commit the offense. The panel majority declares this forfeited error to be “plain,” although it takes five manuscript pages to explain why it was error at all.
Even assuming that it is error and is plain — thus satisfying the first two prongs — there is the question that this circuit has not definitively resolved, which is the extent of the deviation from the proper guideline range that is necessary for an error to “affect substantial rights.” This sentence of 108 months is only 21 months above the maximum of 87 months in the proper guideline range. Although the majority accurately cites decisions declaring lesser increases to affect substantial rights, it should not be a foregone conclusion that every erroneous increase in a sentence satisfies the third prong.
III.
Even conceding, however, that there is much in this circuit’s caselaw that arguably supports the panel majority’s conclusion that the first three prongs are met, there is nothing in this guideline calculation— even if it is erroneous — that, under the fourth prong, seriously affects the fairness, integrity, or public reputation of judicial proceedings. Very much to the contrary, “[r]eversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it.” Johnson v. United States, 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).
The panel majority declares that the resulting sentence mars the “perception of fairness.” That notion is bizarre, its reasoning flawed.
The majority posits that the failure to correct the unnoticed error is unfair because, absent remand for resentencing, the district court has been deprived of the opportunity to consider the applicable sentencing guideline range. But that ignores the very point of rejecting plain-error correction except in the most extreme situations. “This limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them.” Puckett v. United States, — U.S. -, 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266 (2009).
Under the panel majority’s theory, every forfeited sentencing error with substantial effect must be repaired on appeal, because the defendant’s failure to claim error at sentencing deprived the district court of the opportunity to fix the mistake *291 and to factor the correction into an evaluation of a just and fair sentence. The majority’s scheme essentially does away with the requirement that unnoticed sentencing error be subject to the heightened plain-error standard, because, in the majority’s view, the integrity of the sentencing regime is always undermined if the district court has no chance to correct the error.
In setting such a low bar to a finding of unfairness and damage to reputation and integrity, the majority effectively reads the fourth prong out of the test. It does so, in part, by counting the third prong twice. The majority notes that in satisfying the third prong, it found the probability that, but for the error, the defendant would have received a substantially lesser sentence. By reapplying the third-prong test at step four, the majority effectively dispenses with the fourth prong and our discretion.
Moreover, we must keep in mind that granting relief under the fourth prong is wholly discretionary and, as the majority admits, must be done on a case-by-case basis. That means that we are not tethered to what other panels of this court have done in deciding whether to exercise their discretion in other cases, similar or not. As for Ms. John, there is — for certain — no unfairness in the sentence that is being appealed. She engaged in a scheme to defraud innocent victims of almost $1.5 million in property. The sentencing issue at hand likely determines whether she serves 9 years in prison instead of 7 years and 3 months.
In deciding whether to exercise our discretion at the fourth prong, we should keep in mind that this defendant is not due much sympathy. The district judge presumably would have corrected any error in sentencing had Ms. John bothered to call it to the court’s attention. Not only did she forfeit that error; as the majority recounts, she also failed to renew a motion for judgment of acquittal at the close of the evidence. And finally, she failed to object at sentencing to the two-level increase for an offense involving “an attempt to obtain personal information,” thereby requiring plain-error review on that issue as well.
Accordingly, it is difficult to understand why our wide discretion under the fourth prong should be exercised in favor of Ms. John. Surely no member of the public, knowing all the facts and circumstances, could possibly conclude that there is anything that happened to Ms. John in the district court that not only affects, but “seriously affects,” the fairness, integrity, or public reputation of this proceeding or of judicial proceedings in general. Indeed, it is the result reached by the panel majority that more predictably “bestirs the public to ridicule it.” Johnson, 520 U.S. at 470, 117 S.Ct. 1544. Indeed,
[n]ot every error that increases a sentence need be corrected by a call upon plain error doctrine. It bears emphasis that all defendants’ appeals challenging a sentence rest on the practical premise that the sentence should be less. The doctrine of plain error serves powerful institutional interests, including securing the role of the United States District Court as the court of first instance, as opposed to a body charged to make recommendations to appellate courts. And even if an increase in a sentence be seen as inevitably “substantial” in one sense it does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings. To conclude that not correcting the error claimed here casts doubt upon the fairness, integrity, or public reputation of the proceeding drains all content from the doctrine of plain error.
*292 United States v. Ellis, 564 F.3d 370, 378-79 (5th Cir.), cert. denied, — U.S. -, 130 S.Ct. 371, 175 L.Ed.2d 124 (2009).
The only real unfairness is not to Ms. John but to this district judge and the other district judges in our circuit. “[T]he contemporaneous-objection rule prevents a litigant from ‘sandbagging’ the court — remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor.” Puckett, 129 S.Ct. at 1429 (citations and internal quotation marks omitted). Today’s ruling, to the contrary, is an encouragement to criminal defendants to refrain from noticing sentencing error in the district court, secure in the knowledge that any forfeited error that arguably lengthens a sentence will be corrected on appeal, resulting in resentencing and a second bite at the apple.
“ ‘Judges are not like pigs, hunting for truffles....’” de la O v. Hous. Auth., 417 F.3d 495, 501 (5th Cir.2005) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991)). A criminal “defendant has the opportunity to seek vindication of [his] rights in district court; if he fails to do so, [Federal Rule of Criminal Procedure] 52(b) ... clearly sets forth the consequences for that forfeiture .... ” Puckett, 129 S.Ct. at 1429. Faced with hundreds of sentencings, raising thousands of issues, a district judge should be able to rely on counsel, as officers of the court and zealous advocates, to call arguable error to the court’s attention. Where that does not occur, the district judges of this circuit should be able to count on this court faithfully to apply the strict plain-error standard to forfeited error. Because that did not happen here, I respectfully dissent.